

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

    vs.

DAVID MAURICE CHAMNESS,

                  **Defendant.**

)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CM1065-11

**DECISION AND ORDER
ON DEFENDANT'S MOTION TO
DISMISS**

This matter came before the HONORABLE VERNON P. PEREZ on September 19, 2012 on Defendant's Motion to Dismiss. Attorney Suresh Sampath represented Defendant, who was present. Attorney James Collins appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with driving while under the influence and reckless driving. Defendant requests dismissal as he argues that the facts are insufficient for probable cause to exist as to Charge Two of the Indictment.

### DISCUSSION

Defendant argues that the Court should grant the Motion to Dismiss as Guam law mandates dismissal where there is no probable cause in support of the Magistrate's Complaint. Defendant is correct in his contention that 8 GCA § 15.20 is the applicable statue for criminal complaints regarding the probable cause requirement. Defendant puts forward that even reasonable suspicion requires "specific and articulable facts" and that no such facts present for Charge Two of the Indictment. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). Defendant further argues that evidence of intoxication is not evidence in itself of reckless driving. 16 GCA § 9107(a) provides that "every person who drives any vehicle upon a highway in willful or wanton disregard for the safety of persons or property is guilty of reckless driving". The issue before the Court is whether or not sufficient facts were present at the time of the Defendant's arrest to

*People v. Chamness,*
Decision and Order (Defendant's Motion to Dismiss)
Criminal Case No. CM1065-11          - Page 1 of 3 -

support a charge that Defendant drove with a willful or wanton disregard for the safety of persons or property?

The Government contends that the Defendant was speeding, weaving within the lane and struck lane dividers. The Government claims to have had enough evidence to make a justifiable stop of the vehicle and only after that did the Government discover the open container and Defendant's additional indicators of alcohol intoxication. The Government argues that all circumstances surrounding the driving of the vehicle should be considered together and not in a vacuum of one traffic violation at a time. The Government also suggests that although there may be many reasons for Defendant's poor driving, a stop under the circumstances is and remains justified.

The Court agrees with the Government that a proper determination of reckless driving includes all circumstances being considered together. The Defendant does a convincing job of showing a lack of probable cause for reckless driving by giving analysis to the facts one issue at a time. Defendant is even correct that intoxication alone is not enough for reckless driving to be found. Yet, intoxication while speeding and swerving within your lane so severely that the vehicle's tires strike lane dividers is enough to find probable cause for reckless driving. Finally, the Court concludes similarly as the Government on the issue of possible excuses for Defendant's poor driving. It is clear to the Court that many things could have caused Defendant's swerving that were not alcohol related, but the Court is confident that enough was present to justifiably stop Defendant for reckless driving. Finally, the combination of speeding, swerving and evidence of intoxication after the traffic stop is enough for probable cause to exist to find a willful or wanton disregard for the safety of persons or property as provided for under 16 GCA § 9107(a).

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss as it applies to Charge Two. Parties will return on November 6, 2012 at 9:00a.m. for a Criminal Trial Setting.

So **ORDERED** this 30th day of October, 2012.

Original Signed By:
HON. VERNON P. PEREZ

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

OCT 3 0 2012
20

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

/    /

/    /

/    /

/    /

*People v. Chamness,*
Decision and Order (Defendant's Motion to Dismiss)
Criminal Case No. CM1065-11          - Page 3 of 3 -